## HORACE VOLIGNY v. STILLWATER WATER COMPANY.

July 1, 1898.

Nos. 11,111—(196).

**Nuisance—Liability for Erection—Instructions Properly Refused.**

*Held*, that certain requested instructions to the jury were properly refused, because not applicable to the evidence.

Action in the district court for Washington county to recover $2,500 for damages alleged to have been sustained by the flooding of plaintiff's land. The case was tried before Crosby, J., and a jury, which rendered a verdict of $500 in favor of plaintiff. From a judgment entered on the verdict, defendant appealed. Affirmed.

The instructions requested by defendant and referred to in the opinion are as follows:

"First. If plaintiff consented to the opening and grading of Fourth street on a grade and plan that brought additional water into this ravine, and it was so graded and constructed, and the additional water so brought into the ravine caused the obstruction of the well by the washing in around the well of the Fourth street grade or fill, gutter, curbing and sidewalk, then he cannot recover."

"Third. If plaintiff's injury has resulted from the wall being placed on an insecure foundation or otherwise insufficiently built to withstand the pressure of water which it was intended to resist in an emergency, and the wall was taken out when it was under no greater strain or pressure than he, and the city or defendant contemplated, then plaintiff cannot recover.

"Fourth. Defendant, as well as the city, in determining what should be done in caring for the water that came down to the well, might regulate their conduct with regard to the wall that had

been built on plaintiff's north line, and assume that the wall would furnish plaintiff the protection it was designed to furnish.

"Fifth. If plaintiff's north wall was erected at the joint expense of the plaintiff, the city of Stillwater and defendant, and that one of the purposes known to the plaintiff, was to furnish additional protection to plaintiff's property from water that might accumulate at the Fourth street crossing of the ravine in consequence of the culvert and well as it existed when the well was built, or as it might afterwards be raised, then defendant might permit such well to be raised by the city and maintained at such a height as a reasonable person might consider safe and prudent, in view of the existence of the wall, and the volume of water that might reasonably be anticipated would come down the ravine, without any liability to plaintiff for the injuries he has sustained."

"Seventh. If the jury find that plaintiff's damage would not have occurred if the well at Fourth street culvert had been kept free of débris, and that it would have been kept free had it not been for the washing in upon and around such well, sand, rock and sidewalk from Fourth street, and the defendant, in the exercise of reasonable care, could not have foreseen that such washing in was liable to occur, then defendant is not liable."

*J. N. Searles*, for appellant.

While we concede that, if a nuisance was once established, negligence need not be shown, yet the construction and maintenance of the well in question was not a nuisance. 1 Wood, Nuis. § 1, note 2, §§ 2, 22; Thurston v. Hancock, 12 Mass. 220; Lasala v. Holbrook, 4 Paige, 169.

*S. L. Pierce*, for respondent.

The law of the case was settled by this court in Simpson v. Stillwater Water Co., 62 Minn. 444. The action being founded on nuisance, no evidence of negligence was required. Cahill v. Eastman, 18 Minn. 324.

MITCHELL, J.

This action is of the same nature, grew out of the same occurrence, and, with one exception hereafter referred to, involved the same facts, as Simpson v. Stillwater Water Co., reported in 62 Minn. 444, 64 N. W. 1144, which may be referred to for a fuller statement of the facts, as well as for some of the legal principles involved.

The only difference between the facts of the two cases is that Simpson had nothing to do with the construction of the stone

wall referred to in the opinion in that case, and referred to in the pleadings and evidence in this case as the "party wall." The plaintiff and the defendant united in building this wall about the time, or soon after, Fourth street was graded, and the culvert and well were constructed. One of the defenses interposed was that this "party wall" was constructed according to plaintiff's own plans and designs, for the purpose of protecting his land from overflow or other dangers from the water that might result from the fill in grading Fourth street across the ravine, the construction of the culvert and the well designed to convey the water in the ravine into and through the culvert; that the wall was negligently and improperly constructed, and that this was the sole cause of the overflow and injuries of which plaintiff complains.

According to the plan adopted by the city in improving Fourth street, all the water from the gutters in that street ran into the ravine, and were conveyed into the well referred to, which of course increased the volume of water in the ravine. During the storm which caused the overflow which resulted in the injury of plaintiff's premises, the gutters and sidewalk on Fourth street were washed out, and the débris carried down into the ravine. The natural and necessary effect of building up the wall of the well higher than the surface of the bottom of the ravine was to gradually fill up the ravine to the level of the top of the well by the deposit of earth and débris carried down by the water; and there was evidence tending to prove that this was one of the objects in raising the wall of the well above the bottom of the ravine. As originally constructed, the well was not to exceed four feet higher than the natural surface of the ravine; but, as the ravine was gradually filled up with the earth and débris brought down by the water, the city from time to time raised the height of the wall of the well, until at the time of the overflow in 1894 it was about ten feet higher than as originally constructed.

The only questions raised by the assignments of error relate to the action of the trial court in refusing to give certain instructions to the jury as requested by the defendant. We are of opinion that they were each and all properly refused, because they were not applicable to the evidence.

The first was properly refused for the reason that the plaintiff was not a party to the matter of the opening and grading of Fourth street. That was done by the city alone. Indeed, we did not understand counsel as insisting on this assignment of error in his argument.

The third request was properly refused for the reason that there was no evidence, under any view of the case, that at the time the party wall was built plaintiff anticipated or consented that the wall of the well would or should be thereafter raised, and thus subject the "party wall" to increased strain or pressure. The latter part of this request was, therefore, without evidence to which it was applicable, and was calculated to mislead the jury.

The fourth request referred to in the third assignment of error was not urged or insisted upon by defendant's counsel.

The fifth request was properly refused, for the reason, if no other, that it contained the words "or as it [the well] might afterwards be raised." Conceding that the evidence shows, or tends to show, that the plaintiff, at the time the "party wall" was constructed, assented to the construction and maintenance of the well as it then existed, and hence to the consequent filling up of the ravine to a level with the top of the well, there is no evidence that he anticipated or consented to the subsequent raising of the wall of the well, and the further filling up of the ravine, and the consequent raising of the height of the water at times of heavy rain.

The seventh request was properly refused for at least two reasons: First. We think there was no evidence that the screen on the top of the well (through which all the water had to flow) was obstructed and closed up by débris washed down from Fourth street. On the contrary, we think the evidence is clear that the screen was closed up by leaves and débris carried down the ravine before any débris was carried down from Fourth street to the well. Second. The maintenance of this vertical well in the natural channel of the water in the ravine, the natural and necessary effect of which was to obstruct the natural flow of the water, was in and of itself a nuisance, unless the opening and screen at the top of the well were kept unobstructed, so as to permit the flow of the water. In maintaining such a structure or obstruction in the channel of

the ravine, the city assumed the absolute duty, at its peril, of keeping this screen and artificial channel for the water open and unobstructed.

Judgment affirmed.